UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| XAVIER MAIGNAN, et al., | Hon. Joseph H. Rodriguez |
| Plaintiffs, | Civil Action No. 13-3735 |
| v. | MEMORANDUM OPINION |
| PRECISION AUTOWORKS d/b/a JYP RESTORATIONS, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' motion to remand the case back to State court. [Docket No. 9.] The Court has considered the submissions of the parties, and heard oral argument on the record on October 29, 2013. For the reasons given that day, as well as those set forth below, the motion will be denied.

## Procedural History

This case stems from a dispute among the parties as to the costs of the restoration of a 1963 Mercedes-Benz 300SL Roadster. Plaintiffs Xavier Maignan and John W. Bowers, III originally brought suit against Defendants Precision Autoworks d/b/a JYP Restorations and Robert Platz in the Superior Court of New Jersey, Law Division – Camden County alleging Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Fraud, and Violation of New Jersey's Consumer Fraud Act. (Compl., Counts I-IV.) Among other things, Plaintiffs sought a Writ of Replevin and Preliminary Injunctive Relief. (Compl., Counts V-VI.) An Amended Complaint added Plaintiff Victor Soohoo, by and through his Attorney in Fact, Xavier Maignan. (Am. Compl., p.1.)

1

Defendants removed the case to this Court basing jurisdiction upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1). They asserted that Plaintiffs are citizens of California, Oklahoma, and New York, respectively; Precision is a citizen of Pennsylvania, where it is incorporated, and New Jersey, where its principal place of business is located; and Platz is a citizen of Pennsylvania. They also asserted that the amount in controversy exceeds $75,000 exclusive of interest and costs, in that:

> This case arises from the restoration of a valuable classic car, specifically a 1963 Mercedes 300 SL Roadster. The First Amended Complaint alleges, among other things, that the value of the car as restored approximates $1,595,000 and Plaintiffs demand possession of the car; that Plaintiffs have paid $524,530 toward the restoration; and amount that Plaintiffs dispute as being unreasonable for such restoration; and that Defendants allegedly provided an estimate of $350,000 for certain restoration work, but the bills from Defendants have totaled $706,709.99.

(Notice of Removal, ¶ 13.) Two days after their original filing, Defendants filed an Amended Notice of Removal contending that Precision's principal place of business is located in Wynnewood, Pennsylvania (Am. Notice of Removal, ¶ 11), not Camden, New Jersey, as originally advanced, (Notice of Removal, ¶ 11). Therefore, Defendants asserted, Precision is a citizen only of Pennsylvania.

Approximately three weeks after Defendants filed the Amended Notice of Removal, Plaintiffs filed the instant motion to remand, arguing that because Precision's principal place of business actually is located in Camden, New Jersey, removal was improper under 28 U.S.C. §1441(b)(2), which provides that a State court action may not be removed on diversity grounds if any defendant is a citizen of the State in which the action is brought.[1]

---

[1] Plaintiffs also sought attorneys' fees and costs incurred as a result of removal, pursuant to 28 U.S.C. § 1447(c), arguing not only that the Court lacks subject matter

Analysis

For removal to be proper, a district court of the United States must have original jurisdiction over the action. See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Of course, where there is complete diversity of citizenship, removal may be proper as "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"For the purposes of [28 U.S.C. §§ 1332 and 1441], a corporation shall be deemed to be a citizen of every . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has adopted a "nerve center" test to identify a corporation's principal place of business. See Hertz Corp. v. Friend, 559 U.S. 77 (2010). The Supreme Court held that the principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Id. at 92-93. The Court went on to state that "in practice it should normally be the place where the corporation maintains its

---

jurisdiction but also that there was no objectively reasonable basis for removal. This request was denied at oral argument. (Transcript, p. 12.)

headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." Id. at 93. Indeed, the Court warned "if the record reveals attempts at manipulation—for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of such manipulation. Id. at 97. See also Johnson v. SmithKline Beecham Corp., 724 F.3d 337 (3d Cir. 2013).

"The burden of persuasion for establishing diversity jurisdiction, of course, remains with the party asserting it." Hertz, 559 U.S. at 96 (citing Kokkonen v. Guardian Life Ins. Co of America, 511 U.S. 375, 377 (1994); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." Id. In doing so, parties should be mindful that "the pleadings themselves have no intrinsic capacity to establish or disestablish jurisdiction; it is axiomatic that a party may not confer or defeat jurisdiction by mere pleading." Mennen Co. v. Atlantic Mut. Ins. Co., 147 F.3d 287, 293 (3d Cir. 1998). "Rather, subject matter jurisdiction depends upon facts of record, and when any question arises as to the existence of jurisdiction a federal court is obligated to make an independent determination of those facts." Id. at 293-94.

To that end, Defendants have submitted a Declaration of Robert Platz, a consultant to Precision,[2] which corporation is owned by Platz's wife. (Platz Decl., ¶1.)

---

[2] Defendants have clarified that the properly named corporate entity is JYP Restorations d/b/a Precision Autoworks, Inc.

The Declaration affirms, under penalty of perjury, that Precision is a corporation formed and existing under the laws of Pennsylvania, with its headquarters and principal place of business located in Wynnewood, Pennsylvania. (Platz Decl., ¶3-4.) At the Wynnewood location, "Precision maintains office space, a computer area with the computer used in connection with managing Precision's business, a library of reference books for the business, a large storage area of tools and parts for the business, and a garage area where Precision stores several cars owned by the business which [Plaintiffs] use for exhibitions and car shows." (Platz Decl., ¶ 5.) Although Precision performs its body, paint, and vehicle services assembly in Camden, New Jersey, its chrome plating services in Philadelphia, Pennsylvania, its mechanicals in Plymouth meeting and West Chester, Pennsylvania, and its engine work at Lincoln University, Pennsylvania, (Platz Decl., ¶ 6), "the Wynnewood, Pennsylvania location is the place where [Platz] direct[s], control[s] and coordinate[s] all of the operations and business activities of the company." (Platz Decl., ¶7.) "All decisions regarding the management of the company are made in Wynnewood, Pennsylvania. Similarly, all ownership level decisions are made in Wynnewood." (Platz Decl., ¶ 8.) Further, Platz "coordinate[s] all administrative matters for the business from its Wynnewood headquarters," where he "handle[s] the company's accounting and taxes, administer[s] sales, structure[s] Precisions restoration projects, and handle[s] all banking transactions." (Platz Decl., ¶ 9.)

In response, Plaintiffs have submitted a Declaration of a consultant they retained to inspect the vehicle at the heart of this lawsuit, located at Precision's auto repair shop in Camden, New Jersey on July 26, 2013. She states that she was present in the New Jersey shop for approximately seven hours and observed: "a. A standard auto repair/restoration workshop, equipt [sic] with auto repair tools, parts, equipment and

reference materials; b. Several vehicles in various stages of restoration; c. Multiple office suits and at least one additional desk, all located in a separate section of the building; d. Computers; e. File cabinets."  (Creswell Decl., ¶¶ 1-5.)

These statements, however, do not challenge those in Platz's Declaration that establish that Precision's "nerve center" -- its center of direction, control, and coordination -- as well as its corporate headquarters is located in Wynnewood, Pennsylvania.  Because the record evidence establishes that Precision's "nerve center" is in Pennsylvania, not New Jersey, removal was proper.

## Conclusion

Accordingly, and for the reasons placed on the record during oral argument on October 29, 2013, Plaintiffs' motion to remand the case is denied.

An appropriate Order shall issue.


Dated: January 15, 2014                    /s/ Joseph H. Rodriguez
                                          JOSEPH H. RODRIGUEZ
                                                 U.S.D.J.