UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| XAVIER MAIGNAN, et al., | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 13-3735 |
| v. | : | OPINION |
| PRECISION AUTOWORKS d/b/a JYP RESTORATIONS, et al., | : | |
| Defendants. | : | |

These matters come before the Court on Motion to Confirm Arbitration Award [106] of Plaintiffs John W. Bowers, III, Xavier Maignan, and Victor Soohoo and on Motion to Vacate Arbitration Award of Defendants Robert Platz and Precision Autoworks [109].

This case stems from a dispute among the parties as to the costs of the restoration of a 1963 Mercedes-Benz 300SL Roadster. Plaintiffs Xavier Maignan and John W. Bowers, III originally brought suit against Defendants Precision Autoworks d/b/a JYP Restorations and Robert Platz in the Superior Court of New Jersey, Law Division – Camden County alleging Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Fraud, and Violation of New Jersey's Consumer Fraud Act. (Compl., Counts I-IV.) Among other things, Plaintiffs sought a Writ of Replevin and Preliminary Injunctive Relief. (Compl., Counts V-VI.) An Amended Complaint added Plaintiff Victor Soohoo, by and through his Attorney in Fact, Xavier Maignan. (Am. Compl., p.1.)

The unusual procedural history of this case provides the background for the current dispute. Over the course of several days, the parties agreed to and engaged in binding arbitration before lay-person arbitrator Bob Smith. Smith is an expert in the field of exotic and vintage automobile restoration. Following arbitration, on December 16, 2015, the Arbitrator requested clarification from the parties regarding the nature of the information his decision should contain. See Decl. Benjamin D. Morgan, Esq., ¶2. After a conference call with the Arbitrator, the parties sent the following:

In simple terms, we are looking for you to tell us this: "Who pays who what amount, if any, and why? Your decision should also explain the amounts, in itemized fashion, you believe should be paid to either party based on the evidence you were provided during the arbitration and in the pre-arbitration submissions. See id., ¶ 3, Ex. A. The Arbitrator's decision, issued on January 5, 2015, did not contain a specific damages amount. Instead, the award stated that "Precision would need to refund the labor amount it takes to finish the car" and offered a range of possibilities as the damages provision.

> In my opinion, it would take between 1,500 – 2,200 hours to complete [sic] the project and would vary depending on things that have been done and need to be redone. Parts of the car would have to be disassembled to analyze what needs replacing, etc. That would be around $160,000 to finish it based on the shop rate of $80 in reference to labor. The amount of parts that are missing and outside services is undetermined amount that would be clarified once the car has been disassembled. [58-1, p. 14]

The parties moved to have Mr. Smith reconsider the award and asked for a specific damages amount. On March 19, 2015, the Arbitrator issued a supplemental decision that again set forth a range of damages and increased the previous award.

> In my opinion, I would guess it would take between 1,800-2,600 hours to complete [sic] the project and would vary depending on things that have

> been done and need to be redone. After viewing the car on February 20, 2015 in proper conditions in this is my analysis. That would be around $185, 000 for labor to finish it based on the shop rate of $80/hour. I would estimate it could possibly be an additional $40,00 for outside vendors and materials and missing parts. . . Therefore, it would take approximately $225,000 to finish the car. [58-2, p. 54]

Defendants again asked the Arbitrator for an additional clarification and the Plaintiffs opposed that request as unnecessary. See Morgan Decl. Exs. D & E. Then, Plaintiffs moved to confirm the Supplemental Award.

Pursuant to the FAA, 9 U.S.C. § 10(a)(4), a district court can vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Here, the Court was initially confronted with an arbitration award that is at best ambiguous. The award did not address whether Defendant Robert Platz is jointly and severally liable for the work his business, Defendant Precision, performed. In addition, the award failed to set out the basis for the Arbitrator's decision. Instead of clarifying the breakdown of the award of "approximately $225,000", the Arbitrator first stated that he could not "give an exact number on the damages of the car" and then, one week later, increased the award in a one sentence letter to the Court. As a result of the discussions with counsel, the Court, in an Order dated July 14, 2015, found that the damages award was ambiguous and remanded the matter to the Arbitrator for clarification.

On remand, the Arbitrator responded in a letter to Defendant's counsel dated September 8, 2015 that "I feel that there would be no possible way to give an exact dollar amount on the restoration of the car knowing the condition of the car." [64-1]. Then, on October 28, 2015 Plaintiff's counsel filed a letter response from the Arbitrator. The

letter simply stated that "After reviewing all the materials in this case, I have come up with a number of $318,000." [65] Plaintiffs filed a letter request for judgment in the amount of $318,000. Defendants in response filed a Motion to Vacate. Plaintiffs then filed a formal Motion to Confirm Arbitration.

The parties then suspended pursuit of the motions to engage in settlement talks, facilitated by the Court, and the motions were administratively terminated. The parties re-engaged Arbitrator Smith in the hope of securing a more definite breakdown of the damages award. Ultimately, after unsuccessful settlement negotiations and several attempts to re-engage Arbitrator Bob Smith, Smith issued a more definite statement of his findings on July 16, 2018 by way of letter to the parties. See Plaintiff's Motion to Confirm Arbitration, Ex. E. Both parties renewed their respective competing motions to Confirm Arbitration and to Vacate the Arbitration Award.

In support of confirming the arbitration award of $318,000.00, Plaintiffs further argue that they are entitled to treble damages, attorneys' fees and costs, and to hold Robert Platz individually liable. The judgment seeks an award over a million dollars.

Defendants argue that the extraordinary remedy of vacating the arbitration award is warranted for several reasons. First, because the arbitrator failed to provide a sufficient explanation for his damages award, an award that increased with each subsequent finding from the arbitrator. Second, because the award lacks foundation in the record evidence and instead impermissibly relies upon factors outside of the record. Finally, Defendants claim that the arbitrator exceeded his powers by considering evidence outside of the record and because the arbitrator never found Robert Platz individually liable or awarded treble damages.

The FAA provides for expedited and limited judicial review of arbitration awards. There is a strong presumption in favor of enforcing arbitration awards. Brentwood Medical Assoc. v. United Mine Workers of Am., 396 F.3d 237, 241 (3d Cir. 2005). Courts will not overturn an arbitration award on grounds that an arbitrator has made factual or legal errors; the presumption is that the award is enforceable. See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24–25, 103 S. Ct. 927, 74 L.Ed.2d 765 (1983). Thus, when an arbitrator makes a good faith attempt to do so, even serious errors of law or fact will not subject his award to vacatur. See Brentwood Med. Assocs., 396 F.3d at 243 (upholding an arbitration award despite the arbitrator's inexplicable reliance on language not found in the relevant agreement).

Section 10(a) of the FAA delineates four narrow grounds that permit a court to vacate an award: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators, or either of them; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10 (a); Hall Street Assoc., L.L.C. v. Mattel, Inc., 552 U.S. 576, 584 (2008); Sutter v. Oxford Health Plans LLC, 675 F.3d 215, 219 (3d Cir. 2012). The fourth consideration comprises the Defendants' argument. See 9 U.S.C. § 10(a)(4).

Defendants' chief argument is that the arbitrator's decision was not based on the record evidence, but upon his own subjective beliefs about estimates of costs and labor.

5

Defendants argue that the directive sent to Smith explained that he needed to identify support in the record for his findings:

> Please understand there is a reason for our insistence on this information. To be confirmed, your award needs to be supported by information you received from the parties during the arbitration hearings. That is why we are asking that you state exactly where in the arbitration testimony or documents you obtained the basis for your damages award, as detailed above.

Ex. A., Morgan Decl.

Because there was no damages evidence in the record from which Mr. Smith could fashion his award, Defendants argue that Mr. Smith exceeded his authority by failing to support his findings with evidence and fashioning his own brand of justics, as evidenced in Mr. Smith's conclusory paragraph of his July 16, 2018 written award:

> In reference to the award, it is based on my knowledge and my level of expertise in what each job costs to complete each section of the car. I was hired based on that and not hearsay of what other believe things should cost....
> [D.I. 106-1 at 45].

Failing to provide an award in the form required by an arbitration agreement can be evidence that the arbitrator exceeded his authority. W. Employers Ins. v. Jefferies & Co., 958 F.2d 258, 260 (9th Cir. 1992) (vacating an award that failed to provide "findings of fact and conclusions of law" as required by the arbitration agreement there at issue.) "Where parties to an arbitration have agreed and directed the arbitrator to issue a reasoned award, the arbitrator is obligated to conform to the parties' directive and issue a reasoned award." Vold v. Broin & Associates, Inc., 2005 S.D. 80, ¶ 18, 699 N.W.2d 482, 487-88.

The question here is whether the arbitrator "exceeded [his] powers" by failing to provide a "reasoned award" based on the record evidence as agreed to by the parties. Cat

Charter, LLC v. Schurtenberger, 646 F.3d 836, 839 (11th Cir. 2011). In addition, the Court must consider whether the arbitrator "stray[ed] from interpretation and application of the agreement and effectively 'dispense[d] his own brand of industrial justice,' " and thereby exceeded his powers. Stolt–Nielsen, 130 S. Ct. at 1767 (quoting Major League Baseball Players Ass'n. v. Garvey, 532 U.S. 504, 509, 121 S. Ct. 1724, 149 L.Ed.2d 740 (2001) (per curiam) (quoting Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S. Ct. 1358, 4 L.Ed.2d 1424 (1960)).

The parties agreed to the appointment of an arbitrator and jointly selected a lay person with expertise in the field of classic cars, Bob Smith, to handle the matter. As the history of this case demonstrates, the Court harbored concerns about some of the language used in the written delivery of the arbitration award. Specifically, the Court highlighted certain terms as speculative and remanded the matter to Mr. Smith for clarification and a more definite statement regarding damages. While Mr. Smith's response may lack some of the fluency found in legal opinions, it addresses the issues before him and employs the expertise the parties sought when they agreed to utilize him as an arbitrator.

Specifically, the July 16, 2018 supplemental clarification letter references inventory lists, photographs, and comparison evidence in support of his conclusions.

> The $40,0000 for outside vendors, materials, and missing parts I allocated was based on the inventory I saw when evaluating the care 3 years ago. The list that was in the record from Bob Platz (exhibit "F") and when I went to look at the car in Phoenix and taking photographs is documented proof (please refer to 3 ring binder dated March 19, 2015). I made my determination by reconstructing what was missing. Also, the cost is taking some parts and supplies the Hudson car that was being done at the same time as the Soohoo's car: they spent $30,802.75 on the chrome work, machine work, and plating PLUS $16,125 on supplies. On Soohoo's car, what was spent on shop supplies was $5,498.50, $15,890 for paint, and metal supplies was $1744. Since the car is half finished, I am estimating an

7

> additional $20,000 is needed for chrome work (I am in the chrome plating business), $5,000 for more paint supplies, and $15000 for damaged or missing parts.

Mot. To Confirm Arb., Ex. E, ¶2. The supplemental clarification letter also references invoices between the parties for work done from Platz to Soohoo and other filings in the case. Id. at ¶¶ 2-6.

The Court's role is not to second guess the decision of an arbitrator or to correct factual or legal errors. "A reviewing court may not substitute its own judgment for that of the arbitrator, regardless of the court's view of the correctness of the arbitrator's interpretation." Linden Bd. Of Educ. V Linden Educ. Ass'n, 202 N.J. 268, 277 (2010) (quoting N.J. Transit Bus Operations, Inc. v. Amalgamated Transit Union, 187 N.J. 546, 554 (2006)). On this record, while imperfect in its delivery in that the written award does not reference specific evidence in support of the conclusions but rather general references to evidence in the record, the Court finds that Mr. Smith did not exceed his authority and issued an award consistent with the mandate for arbitration.

The award will be confirmed to the extent the it addresses the amount of money needed to rehabilitate the vehicle at issue. However, there is no basis in the arbitrator's decision for the award of treble damages Plaintiffs seek and the Court will not award attorney's fees and costs. [1] As a result, the damages awarded will not exceed

---

[1] Plaintiffs seek, in addition to the money award related to the cost of the restoration of the vehicle, an additional award under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 for treble damages, attorney's fees and costs, disgorgement, and to hold Robert Platz individually liable. There is no basis in the Arbitrator's Decision for such an award and the Arbitrator does not provide for this additional modicum of damages and/or liability in his opinion and/or supplemental clarification statements. It appears from the record that Plaintiffs made similar arguments in their brief to the Arbitrator and the Arbitrator rejected certain testimony of Christine Creswell, in support of Plaintiffs' claims, during the hearing. This Court may not substitute its own judgment or attempt to rehabilitate the Arbitrator's decision by extending the additional award of damages Plaintiffs argue attach to

$318,000.00. Plaintiffs' Motion to Confirm the Arbitration Award is granted and Defendants' Motion to Vacate the Award is denied.

An appropriate Order shall issue.

Dated: March 4, 2020

                                                 s/ Joseph H. Rodriguez
                                                 HON. JOSEPH H. RODRIGUEZ
                                                 United States District Judge

---

Defendants' behavior. Linden Bd. of Educ., 202 N.J. 277 (quoting N.J. Bus Operations, Inc. v. Amalgamated Transit Union, 187 N.J. 546, 544 (2006)).